23140. GRACE *v.* BIBB MANUFACTURING COMPANY.

DECIDED OCTOBER 23, 1933.

*Walter J. Grace,* for plaintiff.

*Jones, Johnston, Russell & Sparks,* for defendant.

GUERRY, J. Where the defendant's contract with the garnishee is by the week, he is entitled to an exemption for each day in the week, irrespective of the time he works. If his employment is by the month, his exemption is for the days of the month, whether he works one day or all. If the contract of employment is for the days he actually works, without reference to the week or month, although payment may be made at the end of each week or month, such employment is by the day and exemption is for the days that he actually works. The fact that pay for the day's work is graduated by the amount of work accomplished does not take from the pay its character as a daily wage. It is immaterial that the work done in one day or two days might be extended out over a week's time. If the person does earn in excess of $1.25 per day, fifty per cent. of the excess is subject to garnishment. The fast worker or the skilled worker earns more, and under the law pays more. The principle is illustrated by the parable of the talents, and by the doctrine that "to whomsoever much is given, of him shall much be required." If the laborer accomplishes the work given him by one employer in two days, he has four other days to labor for others, or use as he sees fit. He is not under the control or in the employment of the hirer except for the time he works. We are mindful of the fact that in this time, when jobs are scarce and laborers plentiful, there may be a seeming injustice in the operation of the law. If so, it is a matter to be corrected by the General Assembly, and not by the courts, however much our sympathy may be aroused. The employment in this case was undoubtedly by the day. It was for no specified time. The pay was determined by the amount of work done during the days the laborer actually worked. It resolves itself into the question, does the fact that a mill or other employer, whose pay to employees is determined by the amount of work performed by such employee, shuts down, and operates on one-third or one-half time, make the employees weekly laborers, where there is no contract to that effect, and no authority, express or implied, is reserved over such employee by the employer? It is not the duty of this court to put a strained construction on the

plain language of the statute. The court erred in sustaining the certiorari to the judgment of the municipal court.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*