27347. ATLANTA & WEST POINT RAILROAD CO. *v.* BLASS.

DECIDED APRIL 26, 1939.

*Heyman & Heyman, C. E. Gregory Jr.,* for plaintiff in error.
*David Gershon,* contra.

MacINTYRE, J. This suit is a traverse by the plaintiff, Saul Blass, of an answer by the garnishee, Atlanta and West Point Railroad Company, to a summons of garnishment served on said garnishee. The judge of the municipal court of Atlanta, without a jury, rendered judgment in favor of the plaintiff. The motion for a new trial was overruled, and the defendant appealed to the appellate division of the municipal court. The judgment of the trial judge was affirmed. The defendant's certiorari to the superior court was overruled, and he excepted.

The superintendent of transportation for the garnishee (Atlanta and West Point Railroad Company), the only witness on the trial, testified that the defendant, Herbert Bullard, was employed as a fireman under his (witness's) supervision; that "During the period covered by the garnishment (the summons of which was served August 18th, 1937) and through November, 1937, Bullard worked on the following days: August 18th and 19th; September 1st, 2nd, 17th, 20th; October 1st, 23rd, 24th; November 2nd, 4th, 16th, and 17th. The amount of wages earned during August, 1937, was $9; during September, 1937, was $34.99; during October, 1937, was $20.06, and during November, 1937, was $26.67. Bullard's work, which is referred to, consisted of runs made as fireman on trains of the garnishee. The only runs made by him during this period were on the days mentioned above. Bullard had no regular run. He is on what is known as the 'extra board.' This extra board consisted of a number of men who are used by the garnishee for the purpose of relieving those men on the regular runs who, because of sickness or other reasons, are not able to work; or to serve whenever on account of pressure of business or for any other cause they are called by the garnishee to do so. The men on the extra board, including the defendant Bullard, received their pay semimonthly, just as regular employees do. Their pay is figured on a mileage basis, according to the runs they actually make. This is the same basis which men having regular runs receive. Bullard receives pay only for the runs actually made, and the amount earned by him for the period here involved was based solely on the runs made on the

days enumerated above. Men on the extra board must be available at all times to respond to any call by the garnishee, if they are desired for a run on one of garnishee's trains. If they go beyond a certain fixed distance from the company's call office they must leave word where they can be reached. They are subject to call either day or night, and must be available to commence a run on two-hours notice. . . If Bullard had not actually made any runs during a particular month the garnishee would pay him nothing. He receives no pay merely for having been available during the month. The garnishee is not bound to furnish the defendant or any one else on the extra board with any definite amount of work. He only has the opportunity to make such runs as will develop under the circumstances previously described, for example, if one of the regular firemen should get sick, or if the company puts on some extra trains. If no opportunities of this kind develop, he might go for an entire month without making any runs or receiving any pay. A man on the extra board can do anything he wants to with his time when he is not actually on a run for the garnishee, provided he is available when the garnishee calls upon him."

Under the preceding statement of facts, the judge of the superior court did not err in overruling the certiorari. The Code, § 46-208, declares: "All persons shall be exempt from the process and liabilities of garnishment on $1.25 per day of their daily, weekly or monthly wages and on 50 per cent. of the excess thereof, whether in the hands of their employers or others. All wages above the exemption herein provided for shall be subject to garnishment." Where priority is not concerned, the law generally disregards fractional parts of a day. Relatively to the exemption of wages of the defendant or employee under the above-quoted Code section, the contract for employment, under the facts as stated above, is for the time a railroad fireman actually works at so much per hour, or at so much per mile, on his "runs" or trips for the railroad, without reference to a week or a month or any other period of time longer than a day. The fireman is paid for his time according to the days or parts thereof that he actually works. If he works none during the entire month, although he held himself in readiness to respond to any call for work, he would not, under his contract, be entitled to any pay. Although payment may be made at the end of the week or month, or semimonthly, as in this case, his wages are exempt as

"daily wages" in contradistinction to "weekly or monthly wages." The fact that he works more than one day in the week, or even though he works the entire seven days in the week, or each day in the month, does not or would not convert or change his employment from an employment by the day into an employment by the week or the month. We recognize the rule that "where the defendant's contract with the garnishee is by the week, he is entitled to an exemption for each day in the week, irrespective of the time he works. If his employment is by the month, his exemption is for the days of the month, whether he works one day or all." *Grace v. Bibb Manufacturing Co.*, 47 *Ga. App.* 756, 757 (171 S. E. 461). However, we do, not think the record here discloses that the contract was for weekly or monthly wages. On the contrary, we think the fireman's wages in the instant case, under the Code, § 46-208, are exempted as "daily wages," and the exemption from garnishment allowed under this section is calculated on a daily basis according to the number of days actually worked.

*Judgment affirmed. Guerry, J., concurs.*

BROYLES, C. J., dissenting. The undisputed evidence shows that Bullard, the fireman, was employed by the railroad company to perform a necessary service in its duties as a common carrier; that in the performance of such service he was required to be available, and was subject to his employer, at all times; that he was paid for his services semimonthly, as were the employees on the regular runs; and that he was in the employment of the rail-road company during the entire time covered by the garnishment summons. Under these undisputed facts, I think that Bullard is entitled to the statutory exemption of $1.25 a day for each day of the period covered by the summons of garnishment.